UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNTRUST EQUIPMENT FINANCE &
LEASING, CORP.,

      Plaintiff,
v.                                   Case No. 8:12-cv-270-T-33MAP

PAUL BELIVEAU,

      Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. # 2), which was filed on February 7, 2012. For the reasons that follow, the Court grants the Motion for Temporary Restraining Order and refers the Motion for Preliminary Injunction to the Honorable Mark A. Pizzo, United States Magistrate Judge, for the issuance of a Report and Recommendation.

**Discussion**

On the basis of Suntrust's Complaint (Doc. # 1), the various Suntrust policies, guidelines, and codes of conduct attached as a composite exhibit to the Complaint (Doc. # 1 at Ex. A), the computerized acknowledgments by Defendant regarding the various Suntrust policies (Doc. # 1 at Ex. B), the affidavit of Joe Hines (Doc. # 1 at Ex. C), and the affidavit of

Stuart D. Smith (Doc. #1 at Ex. D), this Court finds that Suntrust has met its initial burden for the issuance of a Temporary Restraining Order, pursuant to Federal Rule of Civil Procedure 65 and Local Rule 4.05, M.D. Fla., as follows:

1. The Court finds a reasonable likelihood that Suntrust will succeed on the merits of its claims against Defendant.

2. The Court finds that Suntrust has shown a meaningful risk of irreparable harm in the absence of a TRO. The injuries Suntrust faces include: (1) disclosure of trade secrets, confidential and proprietary business and customer documents and data, and other confidential information; (2) loss of confidentiality of clients' records and financial dealings, loss of confidence and trust of clients, loss of goodwill, and loss of business reputation; (3) damage to legitimate business interests and office stability and a threat to the enforcement of contracts; and (4) present and future economic loss.

3. The public interest will be served by the issuance of a TRO.

4. This Order is being entered without prior notice to Defendant because the threatened injury is immediate and further delay could result in irreparable damage to Suntrust.

Accordingly, this Court grants Suntrust's Motion for Temporary Restraining Order. The Temporary Restraining Order is

effective immediately and will remain in effect through and including February 21, 2012, at 5:00 p.m. Any motions for an enlargement of the TRO must demonstrate good cause and must be filed in accordance with the requirements of Federal Rule of Civil Procedure 65(b)(2).

Based on the unique facts of this case, the Court concludes that no security is required under Federal Rule of Civil Procedure 65, at this point in the proceedings, especially since the purpose of the Motion is to maintain the status quo. See Johnston v. Tampa Sports Authority, 8:05-cv-2191, 2006 U.S. Dist. LEXIS 77614 (M.D. Fla. Oct. 16, 2006)("[T]he bond requirement of Rule 65(c) is appropriately waived in certain circumstances."). Should Defendant make a showing that security is appropriate for the issuance of further injunctive relief, this Court will give further consideration to the matter of security.

**During the pendency of the TRO:**

1. Defendant must return all data, records and/or information relating to Suntrust's business, its clients and/or its prospective clients which Defendant emailed to himself, retained, removed, or otherwise obtained in conjunction with his employment at Suntrust, together with all copies and/or reproductions thereof, in whatever form, to the

      offices of Suntrust's counsel, within 24 hours after service of this Order on Defendant or Defendant's counsel.

2. Defendant must refrain from all further use of, disclosure or transmission for any purpose, including for the use of contacting or soliciting Suntrust clients or prospective clients, directly or indirectly, the Suntrust business, client and/or prospective client information retained, removed or otherwise obtained by Defendant from the databases or records of Suntrust.

3. Cease any and all further use of all databases which Defendant utilized to access his personal email account and/or on which Defendant received or retained digital information relating to Suntrust's business, clients and/or prospective clients and preserve the integrity of all digital information contained therein.

      Plaintiff shall immediately provide by email, facsimile and regular mail a copy of this TRO to counsel for Defendant, if counsel is known, or, if counsel is not known, directly to Defendant.  The Court refers Plaintiff's motion for a preliminary injunction to the Honorable Mark A. Pizzo, United States Magistrate Judge, for the issuance of a Report and Recommendation.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Emergency Motion for a Temporary Restraining Order (Doc. # 2) is **GRANTED** consistent with the terms outlined above.

(2) The Temporary Restraining Order is effective immediately and will remain in effect through and including February 21, 2012, at 5:00 p.m., unless the TRO is extended in accordance with Federal Rule of Civil Procedure 65(b)(2).

(3) Suntrust shall immediately provide a copy of this Temporary Restraining Order to Defendant as outlined above.

(4) Suntrust's request for a Preliminary Injunction (Doc. # 2), is hereby referred to the Honorable Mark A. Pizzo, United States Magistrate Judge.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this **7**th day of February, 2012, at 5:30 p.m.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Parties of Record